# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAMONT HAGAN,** | : | CIVIL ACTION NO. 1:13-CV-2731 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| **BRIAN HARRIS**, <u>et</u> <u>al.</u>, | : | |
| Defendants | : | |

## MEMORANDUM

On December 10, 2013, plaintiff Damont Hagan ("Hagan" or "plaintiff"), an inmate presently incarcerated in the State Correctional Institution at Huntingdon, Pennsylvania, ("SCI-Huntingdon") filed this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Preliminary review of the complaint reveals that Hagan includes unrelated claims against individuals employed at SCI-Huntingdon. Allowing the pleading to proceed as filed is not in the interest of judicial economy. Consequently, Hagan will be directed to file an amended pleading which strictly adheres to the mandates of the Federal Rule of Civil Procedure, in particular Rule 8, outlining the general rules of pleading, and Rule 20, pertaining to permissive joinder of parties.

## I.     Standards

"Pleadings must be construed so as to do justice." FED. R. CIV. P. 8(e). Rule 8(d)(1) of the Federal Rules of Civil Procedure states, in pertinent part, that "[e]ach allegation must be simple, concise and direct." Rule 20(a)(2) states that "[p]ersons . . . may be joined in one action as defendants if:  (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of

the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). Although Rule 20 is flexible rule that contemplates fairness and judicial economy, the rule only permits "joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact." 7 Charles Allen Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure* §1652 at 371-72 (1986).

## II.     Discussion

Plaintiff's complaint violates Federal Rules of Civil Procedure 8 and 20. In Count I, he includes five separate and unrelated instances of retaliation against five different defendants. He first alleges that after he filed a grievance on January 22, 2012, stating that defendant Brian Harris ("Harris") made threats against inmates, Harris filed a malicious misconduct against him on January 31, 2012. (Doc. 1 at ¶¶ 1-4). On January 17, 2012, plaintiff filed a grievance against defendant Charles Mitchell ("Mitchell") asserting that Mitchell was unprofessional toward him during a misconduct hearing. (Id. at ¶¶ 5-8). Thereafter, on February 7, 2012, plaintiff alleges that defendant Mitchell arbitrarily found him guilty of the misconduct filed by Harris on January 31, 2012. (Id.). He next avers that on November 17, 2012, he filed a written complaint charging defendant Pope with assault. (Id. at ¶ 9). On that same day, Pope issued a false misconduct charging plaintiff with assault. (Id. at ¶ 10). On December 4, 2012, plaintiff states that he informed defendant Richard Goss

("Goss") that he was filing a grievance against him because he violated him "while feeling suicidal." (Id. at ¶ 13). Plaintiff alleges that in response, Goss filed a false misconduct against him. (Id. at ¶ 14). Lastly, he alleges that he has filed "numerous meritorious grievances" against defendant Linda Lane ("Lane") prior to January 21, 2013. (Id. at ¶ 16). On January 21, 2013, Lane had a conversation with plaintiff about his "Risperdal" medication in which she replied to him "I never forgot the grievances you filed on me. . . ." (Id. at ¶ 17). The following day, "Lane either cut it or would not renew" plaintiff's Risperdal medication. (Id. at ¶ 18).

In Count II plaintiff alleges that while at the State Correctional Institution at Cresson ("SCI-Cresson") he was "highly known" by Pennsylvania Department of Corrections ("DOC") officials "for advocating for prisoners rights [sic] regarding mental health issues." (Doc. 1 at ¶¶ 23-24.) In response to prisoner complaints, the United States Department of Justice ("DOJ") commenced an investigation into the treatment of inmates with mental health disorders at SCI-Cresson. (Id. at ¶ 24.) Because the investigation "suggest[ed] a pattern of cruel treatment towards [sic] mental health inmates in the D.O.C.," it was expanded to all prisons in the DOC system. (Id.) Plaintiff alleges that defendants James Harrington ("Harrington"), Swisher, and Dolphin conspired to take him off medication for a psychotic disorder. (Id. at ¶ 27.) He further alleges that the conspiracy to cease administration of his medication was retaliatory because he advocated for prisoners with mental health disorders and continued to file "grievances and paperwork" despite being informed from "prison-to-prison that you need to stop filing grievances and paperwork." (Id.

3

at ¶¶ 21, 27-28.) He also alleges that Dolphin and Swisher altered his current diagnoses to eliminate "psychotic disorder" without evaluating him. (Id. at ¶¶ 29, 31.)

Plaintiff alleges in Count III that defendants Mark Dembert ("Dembert"), Marsh, and John Wetzel ("Wetzel") were aware that the DOJ investigation would be expanded to all facilities in the DOC system and had knowledge and acquiesced in the conspiracy. (Doc. 1, at ¶¶ 39-65.) He contends that the DOJ mental health experts were only interested in "mentally ill" inmates and defendants eliminated his psychotic disorder to prevent him from being considered "mentally ill" and to discourage the DOJ experts from speaking to him. (Id. at 59-60.) He states that in July of 2013, Wetzel had him placed in a behavior modification program that does not evaluate inmates or treat mental illnesses. (Id. at ¶ 65.)

The claims set forth in Count I did not arise out of the same transaction or occurrence or series of transactions or occurrences. Each concerns a separate unrelated incident of misconduct. Moreover, the claims do not involve an issue of law or fact common to all defendants. Nor do they bear any relation to plaintiff's conspiracy theories advanced in Counts II and III. While plaintiff will be granted an opportunity to file an amended complaint, he is strictly cautioned that the amended complaint must comply with Rule 20 and involve only related claims or parties. Further, plaintiff is admonished that any amended filing must be a "new pleading which stands by itself as an adequate complaint without reference to the

4

complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. Nov. 13, 1992).

The Prison Litigation Reform Act of 1995 ("PLRA"), which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, also compels compliance with Rule 20. Specifically, under the PLRA, the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include a plethora of separate and independent claims would circumvent the filing fee requirements of the PLRA. Thus, to the extent that plaintiff believes that he has been subjected to more than one violation of his rights, and to the extent that these violations are unrelated to each other, plaintiff should file separate complaints addressing each violation.

An appropriate order will issue.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:    December 10, 2013