## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAMONT HAGAN,** | : | **Civil No. 1:13-CV-02731** |
| | : | |
| **Plaintiff** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN WETZEL, U/K MARSH,** | : | |
| **JAMES HARRINGTON, DAVID** | : | |
| **SWISHER, QUENTIN DOLPHIN,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

## I.  INTRODUCTION AND STATEMENT OF THE CASE

The plaintiff in this action is Damont Hagan, an inmate in the custody of the Pennsylvania Department of Corrections currently housed at the State Correctional Institution at Huntingdon.  Hagan initiated this action on November 7, 2013.  Upon direction from the court, Hagan filed an amended complaint on December 26, 2013, naming the above-captioned five defendants, all of whom are employed by the Department of Corrections.  (Doc. 9.)  In response, the defendants moved to dismiss the amended complaint for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Docs. 20, 22.)  After the parties filed briefs in support of and opposition to these motions, Hagan filed a second amended complaint (Doc. 28), which was accompanied by a document labeled "Notice" (id., attach.),

which we have liberally construed as a motion for leave to file a second amended complaint.  In response, Defendant Dolphin has moved to dismiss the second amended complaint, (Doc. 29), and the remaining defendants have moved to have the latest complaint stricken as improperly filed, (Doc. 30).

In essence, Hagan's claims articulated in each of the three complaints filed to date can be simply stated: he has alleged that the Secretary of the Department of Corrections s and four psychiatrists or psychologists employed by the Department of Corrections retaliated against him for his repeated exercise of protected First Amendment activity by withholding mental health treatment and needed medications that had been prescribed to Hagan to treat an array of mental illnesses from which he suffered, including a psychotic disorder.  Hagan claims that the decision to withhold treatment and medication was intended as retaliation, and also to prevent Hagan from speaking with or being interviewed by officials with the United States Department of Justice, who were investigating allegations regarding mistreatment of Pennsylvania inmates suffering from mental illness, and the effects of long-term segregation in solitary confinement.[1]   Hagan also contends that the decision to withhold his

---

[1] Hagan avers that he has been held in solitary confinement for seven and one-half years, and that he has been outspoken in his criticism of the conditions of his confinement and the treatment of inmates with mental illness, including by filing grievances, lawsuits, and communicating with outside advocacy groups.

medication and treatment constituted cruel and unusual punishment, in violation of the Eighth Amendment to the United States Constitution, and he claims that he suffered from a variety of mental-health related ailments as a result, and that he attempted suicide and engaged in other forms of self-harm during this time.

This action was reassigned to the undersigned on August 12, 2014, after the parties consented to have a United States Magistrate Judge preside over the matter. (Doc. 41.) Upon consideration of the motions that have been filed in this case to date, and the state of the pleadings, we liberally construe Hagan's "Notice" as seeking leave of court to file a second amended complaint, and that motion will be granted. Accordingly, the defendants' motions to dismiss previous iterations of the complaint and to strike the second amended complaint will be denied as moot.

## II.   <u>DISCUSSION</u>

### A.   **Rule 15(a) - The Legal Standard**

In response to the defendants' motions to dismiss which had been filed in response to Hagan's first amended complaint, Hagan took the protective step of filing a second amended complaint, accompanied by a "Notice". In this notice, Hagan represents that he has "attached a second amended complaint in the event that this court finds any of [the] claims insufficient, and request that this Honorable Court files the second amended complaint if it if finds any of plaintiff's claims so . . . ." (Doc.

28, Second Am. Compl., Attach.)  We construe the "Notice" liberally to be a motion for leave to file a second amended complaint.

Rule 15(a) provides that a party may only amend a pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, within 21 days after service of a responsive pleading, or service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  Fed. R. Civ. P. 15(a).  In all other cases, a party may amend its pleading only with the opposing party's written consent, or with leave of the court.  Fed. R. Civ. P. 15(a)(2).  The rules provide that courts should freely grant leave to amend "when justice so requires." Id. Accordingly, Hagan requires leave of court to file the second amended complaint, as he has previously amended the original complaint once as a matter of right.

The Third Circuit Court of Appeals has taken a liberal approach to granting leave to amend pleadings, observing that leave should be granted freely in order to ensure that a particular claim is decided on "the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 486-87 (3d Cir. 1990).  Nevertheless, a district court retains discretion in deciding whether to grant or deny a party's request to amend its pleading, Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000, and may deny a motion for leave to amend if the plaintiff's delay in seeking amendment is undue, motivated by bad faith, prejudicial to the opposing party, or where amendment would

4

be futile.  Foman v. Davis, 371 U.S. 178, 182 (1962).

The Third Circuit has instructed that "undue prejudice is 'the touchstone for the denial of leave to amend.'"  Heyl & Patterson Intern., Inc. v. F.D. Rich Housing of Virgin Islands, Inc., 663 F.2d 419, 425 (3d Cir. 1981) (quoting Cornell and Company, Inc. v. Occupational Safety and Health Review Commission, 573 F.2d 820, 823 (3d Cir. 1978)) (further citations omitted); see also Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006).  In order to show undue prejudice, the party opposing a motion to amend bears the burden of showing that it will be "unfairly disadvantaged or deprived of the opportunity to present facts of evidence" unless leave to amend is denied.  Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989).  The issue of prejudice requires a court to examine the hardship to the objecting defendant if amendment were permitted.  See Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984).  In such cases, the Third Circuit has considered whether allowing an amendment would result in additional discovery, cost, and preparation in order to defend against new facts or new legal theories.  Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001).  Compare Adams, 739 F.2d at 869 (no prejudice because no new facts or additional discovery required) with Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 655 (3d Cir. 1998) (finding that duration of case and substantial effort and expense in resolving underlying motion to dismiss could constitute delay or prejudice)

and Cornell & Co., Inc. v. Occupational Safety and Health Review Comm'n, 573 F.2d 820, 823-24 (3d Cir. 1978) (finding significant prejudice because proposed amendment would have changed the legal and factual basis of the claim, and would have prevented the defendant from presenting a defense).

In the absence of undue prejudice, "denial must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." Heyl & Patterson Intern., Inc. v. F.D. Rich Housing of Virgin Islands, Inc., 663 F.2d 419, 425 (3d Cir. 1981) ((citing Foman, 371 U.S. at 182). Delay alone is not sufficient to justify denial of leave to amend. See Arthur v. Maersk, Inc., 434 F.3d at 204. However, "at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." Cureton v. National Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001) (quoting Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984)). In this regard, "[d]elay may be come undue when a movant has had previous opportunities to amend a complaint." Cureton, 252 F.3d at 273 (citing Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993) (three year lapse between filing of complaint and proposed amendment was unreasonable delay where the plaintiff had numerous earlier opportunities to amend); see also Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 654-55 (3d Cir.

1998) (denying proposed second amended complaint where the plaintiffs were repleading facts that could have been pled earlier).

With these factors in mind, Hagan's request for leave to file a second amended complaint will be granted, as we find that doing so will help to ensure that the claims brought in this case are addressed on their merits, because we do not find that the defendants will suffer any undue prejudice by permitting the amended pleading, and because we do not find that Hagan has been dilatory or otherwise acted in bad faith in filing the amended complaint.

### B.     The Defendants' Motions to Dismiss the First Amended Complaint and to Strike the Second Amended Complaint are Moot

Ordinarily, an amended complaint will displace the current pleading, effectively invalidating the extant complaint.  See Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.), 226 F.3d 160, 162 (2d Cir. 2000) ("[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect"); see also 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended . . . supersedes the pleading it modifies. . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case. . . .").  Since the complaint in this case will be amended, the first amended complaint is now a nullity, and the defendants' pending motion to dismiss challenging the legal sufficiency of that

pleading is now moot.  Accordingly, we will deny the pending motions to dismiss as moot, but without prejudice to the defendants renewing their motions to dismiss as to the second amended complaint in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court governing the briefing of motions.  <u>See</u> Fed. R. Civ. P. 12(b); LR 7.5-7.8.

Likewise, the pending motion to strike the second amended complaint for failing to comply with the requirements prescribed by Rule 15(a) (Doc. 30) will also be denied, in light of our ruling allowing that pleading to be filed.  Similarly, Hagan's "Motion to Moot Defendant's Motion to Dismiss as the Motion is Premature," (Doc. 33), which appears to challenge Defendant Dolphin's motion to dismiss the second amended complaint (Doc. 29) will be denied, since that motion now stands as a legal challenge to the sufficiency of the second amended complaint, and the operative pleading, in this case.  The plaintiff shall be required to respond to Defendant Dolphin's motion to dismiss the second amended complaint within 14 days from the date he receives a copy of this order.

## III.   **ORDER**

Accordingly, IT IS HEREBY ORDERED THAT:

1.      The plaintiff's request for leave to file a second amended complaint is GRANTED.

2.      The defendants' motions to dismiss the first amended complaint (Docs. 20, 22) are DENIED as moot, without prejudice to their right to file renewed motions to dismiss the second amended complaint.

3.      The defendants' motion to strike the second amended complaint (Doc. 30) is DENIED.

4.      The plaintiff's "motion to moot" Defendant Dolphin's pending motion to dismiss the second amended complaint (Doc. 33) is DENIED.

5.      The plaintiff shall file a brief in response to Defendant Dolphin's motion to dismiss the second amended complaint within 14 days of receiving a copy of this order.


                                /s/ Martin C. Carlson
                                Martin C. Carlson
                                United States Magistrate Judge

Dated: August 21, 2014