IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAMONT HAGAN,** | : | Civil No. 1:13-CV-2731 |
| | : | |
| Plaintiff | : | (Magistrate Judge Carlson) |
| | : | |
| v. | : | |
| | : | |
| **QUENTIN DOLPHIN, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

The plaintiff in this action, Damont Hagan, is an inmate in the custody of the Pennsylvania Department of Corrections, (DOC) currently housed at the State Correctional Institution at Huntingdon. Hagan is also a frequent litigant in federal court. In this case, Hagan has sued five individuals, all of whom are contracted with or employed by the DOC, alleging that the defendants engaged in a conspiracy to modify his health diagnosis and discontinue his prescription medications in order to keep him hidden from certain Department of Justice officials who were intending to tour the facility and interview inmates as part of an investigation. Hagan also alleges that the defendants took these actions to retaliate against him for filing grievances and

1

other litigation against prison staff. Additionally, Hagan alleges that the defendants prolonged his detention in segregated housing, and exhibited deliberate indifference to his serious medical needs, in violation of the Eighth Amendment.

Hagan has now filed a motion, styled as a Motion to Withdraw, which seeks to voluntarily dismiss defendant James Harrington from this case. (Doc. 105.) In a case such as this when a defendant has filed an answer to a complaint, Rule 41(a)(2) of the Federal Rules of Civil Procedure governs voluntary dismissal of an action by the plaintiff and provides as follows:

> **(a) Voluntary Dismissal.**
> **(2) *By Court Order; Effect.*** Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

F.R.Civ.P., Rule 41(a)(2).

In this case, Hagan has specifically requested the dismissal of defendant Harrington from this case. Accordingly, since Hagan seeks dismissal of this defendant, and the defendant presumably does not oppose this request, this motion to dismiss is GRANTED pursuant to Rule 41(a)(2).

So ordered this 29th day of May 2015.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
