IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAMONT HAGAN,** | : | Civil No. 1:13-CV-2731 |
| **Plaintiff** | : | **(Magistrate Judge Carlson)** |
| v. | : | |
| **QUENTIN DOLPHIN, et al.,** | : | |
| **Defendants** | : | |

### MEMORANDUM OPINION

**I.   INTRODUCTION**

The plaintiff in this action, Damont Hagan, is an inmate in the custody of the Pennsylvania Department of Corrections (DOC), currently housed at the State Correctional Institution at Frackville, who has sued individuals for matters relating to his prior incarceration at SCI Smithfield.  He is also a frequent litigant in federal court.  In this case, Hagan is suing four individuals, all of whom are contracted with or employed by the DOC, alleging that the defendants engaged in a conspiracy to modify his health diagnosis and discontinue his prescription medications in order to keep him hidden from certain Department of Justice officials who were intending to tour the facility and interview inmates as part of an investigation.[1]  Hagan also alleges

---

[1] The remaining defendants in this action include Quentin Dolphin, David Swisher, Robert Marsh, and John Wetzel, the Secretary of the Pennsylvania Department of Corrections.

that the defendants took these actions to retaliate against him for filing grievances and other litigation against prison staff. Additionally, Hagan alleges that the defendants prolonged his detention in segregated housing, and exhibited deliberate indifference to his serious medical needs, in violation of the Eighth Amendment.

The case now comes before the court for resolution of a discovery dispute. Specifically, Hagan has filed a motion to compel defendants Marsh and Swisher to further reply to interrogatories. (Doc. 74.) These interrogatories sought information, *inter alia*, regarding whether these defendants were aware that Hagan had filed grievances against them, and whether the defendants concurred in a decision to deny Hagan psycho-tropic medications.

The defendants have responded to the motion, arguing that it should be denied because the responses they have furnished Hagan comply fully with the Federal Rules of Civil Procedure; because the information that Hagan seeks should be, in some instances, already in his possession; and because Hagan's medical file has been made available to him.

The motion is fully briefed and, therefore, is ripe for resolution. For the reasons that briefly follow, the motion will be granted in part and denied in part.

## II.     DISCUSSION

### A.     Standards of Review

Several basic guiding principles inform our resolution of the instant discovery dispute. At the outset, Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery, and provides that:

> **(a) Motion for an Order Compelling Disclosure or Discovery.**
>
> > **(1) *In General.*** On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1).

The scope of what type of discovery may be compelled under Rule 37 is defined, in turn by Rule 26 of the Federal Rules of Civil Procedure, which now provides that:

> > **(1) *Scope in General.*** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter

> involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(c).

Fed. R. Civ. P. 26(b)(1).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district." DiGregorio v. First Rediscount Corp., 506 F2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J. 1997). When a magistrate judge's decision involves discretionary

> [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing Scott Paper Co. v. United States, 943 F. Supp. 501, 502 (E.D. Pa. 1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y. 1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (holding that a magistrate's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion is guided, however, by certain basic principles. Thus, at the outset, it is clear that Rule 26's broad definition of that which can be obtained through discovery reaches only "nonprivileged matter that is relevant to any party's claim or defense." Therefore, valid claims of relevance still cabin and restrict the court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all "relevant information," a concept which is defined in the following terms: "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

A party moving to compel discovery bears the initial burden of providing the relevance of the requested information. Morrison v. Philadelphia Housing Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litig., 261 F.R.D. 570, 573 (D. Kan. 2009).

With these legal considerations in mind, we turn to consideration of Hagan's discovery requests.

**B.    Hagan's Motion to Compel Will be Granted, in Part, and Denied, in Part**

At the outset, Hagan filed a series of interrogatories asking defendants Marsh and Swisher to state when, and if, they were aware that Hagan had filed grievances against them. (Swisher interrogatory 10; Marsh interrogatory 7.) Hagan argues that this information is relevant to his retaliation claims against the defendants, since Hagan's theory of prosecution is that the defendants retaliated against him because he had previously lodged grievances against them.

Given, Hagan's proffer of relevance, we believe that the plaintiff is entitled to a further response to these interrogatories. It is well-settled that retaliation claims can be based upon alleged retaliation against an inmate due to his filing of grievances against prison officials. However, in this context it is essential that the plaintiff show that the defendants knew of the grievance at the time they took the allegedly retaliatory actions, and the "failure to allege [or show]  that [defendants] had any knowledge of those grievances is fatal to [these] claims." Ray v. Rogers, No. 2:12CV985, 2014 WL 1235905, at *7 (W.D. Pa. Mar. 25, 2014).  Since knowledge of the inmate's grievance by prison official defendants is an essential element of a retaliation claim in this factual context, Hagan is entitled to discovery aimed at learning when, and if, the defendants knew of his prior grievances against them.  The motion to compel further responses to these interrogatories will be granted.

In addition, Hagan's complaint alleges that the medical defendants, Dr. Dolphin along with defendants Marsh and Swisher, wrongfully denied Hagan his psycho- tropic medications and improperly altered his mental health diagnosis.  Hagan has now posed a series of interrogatories to defendants Marsh and Swisher which, in essence, ask these defendants if they concurred in the decision to remove Hagan from these medications and alter his diagnosis. (Swisher interrogatory 8 and 9; Marsh interrogatory 4.)  Given the issues framed by Hagan in this lawsuit, these

interrogatories also, in our judgment, are relevant to the claims and issues in this litigation. While we appreciate that this information could have been sought through a request for admission, recognizing that Hagan is proceeding *pro se* we do not find the form of this inquiry as an interrogatory to be a sufficient ground for denying these requests for discovery, and we will order the defendants to provide a more fulsome responses to these interrogatories.[2]

Further, Hagan has asked defendant Swisher to identify what treatment he provided to the plaintiff between July and October 2013. (Swisher interrogatory 8.) The defendant has objected to this interrogatory, noting that Hagan has already been provided copies of his treatment records. While we regard this response as generally sufficient, out of an abundance of caution we will direct the defendant to supplement this response by verifying that the records described all treatment provided to Hagan, or by providing a further description of any additional treatment provided to the plaintiff.

In addition, Hagan seeks to compel further responses by both defendants Swisher and Marsh regarding a statement which Hagan attributes to defendant Marsh

---

[2]Such a response may, of course, consist of a statement acknowledging concurrence in Dr. Dolphin's actions; a statement noting that the defendant opposed these actions; an explanation that the defendant's concurrence was neither sought nor necessary; or any other factually complete response to these queries.

in August 2013, a statement in which Marsh allegedly described Hagan as a "Behavioral Management Unit type." (Swisher interrogatory 9; Marsh interrogatories 5 and 6.) The defendants have objected to these interrogatories, because they apparently reject, and object to the factual premise that defendant Marsh ever made this statement. We regard this objection as generally well founded, and will deny the motion to compel, with one narrow exception. Liberally construed, we believe that Hagan's discovery demands propounded upon defendant Marsh call upon defendant Marsh to confirm whether he recalls making any such statement to Hagan. We believe that Hagan is entitled to a response to this narrow inquiry.

Finally, Hagan asks defendant Swisher a series of interrogatories which, in essence, ask him to further explain a written response to a grievance which he previously provided to the plaintiff. (Swisher interrogatories, 11, 12 and 13.) Because we agree with defendant Swisher that this document speaks for itself, we will deny Hagan's discovery requests which seek to require the defendant to recharacterize these prior grievance responses.

An appropriate order follows:

### III. **ORDER**

Accordingly, for the reasons discussed above, upon consideration of the plaintiff's motion to compel (Doc. 74.), IT IS HEREBY ORDERED THAT the

motion is granted in part and denied in part as follows:

1. With respect to Swisher interrogatory 10 and Marsh interrogatory 7 the defendants shall supplement their responses by stating when, and if, they were aware that Hagan had filed grievances against them.

2. The defendants shall also further respond to Swisher interrogatory 8 and 9, and Marsh interrogatory 4 which, in essence, ask these defendants if they concurred in the decision to remove Hagan from these medications or alter the plaintiff's mental health diagnosis.

3. Defendant Swisher shall supplement his response to Swisher interrogatory 8 which asks him to identify what treatment he provided to the plaintiff between July and October by verifying that the medical records provided to Hagan described all treatment provided to Hagan, or by providing a further description of any additional treatment provided to the plaintiff.

4. With respect to Marsh interrogatories 5 and 6, which seeks to compel further responses regarding a statement which Hagan attributes to defendant Marsh in August 2013, a statement in which Marsh allegedly described Hagan as a "Behavioral Management Unit type" defendant Marsh shall confirm whether he recalls making any such statement to Hagan.

In all other respects, the motion to compel is DENIED.

So ordered this 1st day of June, 2015.

                                        */S/ Martin C. Carlson*
                                        Martin C. Carlson
                                        United States Magistrate Judge