IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAMONT HAGAN,** | : | Civil No. 1:13-CV-2731 |
| **Plaintiff** | : | **(Magistrate Judge Carlson)** |
| v. | : | |
| **QUENTIN DOLPHIN, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

The plaintiff in this action, Damont Hagan, is an inmate in the custody of the Pennsylvania Department of Corrections (DOC), currently housed at the State Correctional Institution at Huntingdon. He is also a frequent litigant in federal court. In this case, Hagan has sued five individuals, all of whom are contracted with or employed by the DOC, alleging that the defendants engaged in a conspiracy to modify his health diagnosis and discontinue his prescription medications in order to keep him hidden from certain Department of Justice officials who were intending to tour the facility and interview inmates as part of an investigation. Hagan also alleges that the defendants took these actions to retaliate against him for filing grievances and other litigation against prison staff. Additionally, Hagan alleges that the defendants prolonged his detention in segregated housing, and exhibited deliberate indifference to his serious medical needs, in violation of the Eighth Amendment.

The case now comes before the court, once again, for resolution of a discovery dispute. Specifically, on May 18, 2015, we entered an order which provided in part that: "If the defendants have copies of the grievances and staff requests that the plaintiff is seeking in the plaintiff's fourth request for the production of documents (Doc. 95, Ex. Z-7), they shall provide copies to the plaintiff within 14 days from the date of this Order." (Doc. 104.) Hagan subsequently filed two motions, (Docs. 120 and 122), which we understand allege that the defendants have not fully complied with this discovery demand. The correctional defendants have responded to these motions by stating that: "in the interest of avoiding continued litigation on this issue, the undersigned counsel has advised SCI-Frackville to make the entirety of Plaintiff's voluminous grievance history (including all appeals and responses) and any previously submitted staff requests available to him for review and copying, at his own expense." (Doc. 125, p.3.) We believe that this course of action fully complies with our May 18, 2015 discovery order. Since the defendants have taken this step, therefore, we will DENY these motions to compel, (Docs. 120 and 122), to the extent that the motions sought further relief beyond that provided by the defendants.

So ordered this 16th day of October 2015.

                                                */S/ Martin C. Carlson*  
                                                Martin C. Carlson  
                                                United States Magistrate Judge